**MOST & ASSOCIATES**

201 St. Charles Ave.
Ste. 114, #101
New Orleans, LA 70170

(504) 509-5023
mostlawoffice.com
williammost@gmail.com

---

Lyle W. Cayce, Clerk of Court                                                December 14, 2023
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408
*By Electronic Submission*

Re:   *Hicks v. LeBlanc, et al.* Case No. 22-30184
      Rule 28(j) Supplemental Authority Letter

Dear Mr. Cayce,

   Pursuant to Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28.4, Plaintiff-Appellee Ellis Ray Hicks notifies this Court of the recent, published decision in *Wilson v. Midland County, Texas,* 22-50998 (5th Cir. 2023).

   In *Wilson*, this Court addressed the question Defendants have asked for rehearing on: does *Heck* bar claims for people held "past the expiration of their duly imposed sentences"?

   In the course of an unusually thorough explication of the history and caselaw treatment of the *Heck* doctrine, the Court in *Wilson* answered that question as "no." It held:

> [*Heck*] is "not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence." *Crittindon v. LeBlanc,* 37 F.4th 177, 190 (5th Cir. 2022) (quoting *Muhammad*, 540 U.S. at 751).
> . . .
> For instance, where prisoners have been held "past the expiration of their duly imposed sentences," we have allowed them to bring § 1983 claims in the first instance because their claims "do not implicate the fact or duration of [their] confinement." *Id*. at 509–10.

*Wilson, supra*, at fn. 58 (emphasis added).

   Defendants' petition for rehearing *en banc* in *Hicks v. LeBlanc* should be denied.

                                          Sincerely,

                                          */s/ William Most*
                                          William Most