

STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

LIZ MURRILL
ATTORNEY GENERAL

January 9, 2024

**VIA ECF**
Lyle W. Cayce
Clerk of Court
United States Court of Appeals, Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, Louisiana 70130-3408

> Re: ***Hicks v. LeBlanc***, No. 22-30184
> Response to Appellee's Rule 28(j) Letter Re: *Wilson v. Midland Cnty.*, No. 22-50998, 2023 WL 8642226 (5th Cir. Dec. 14, 2023)

Dear Mr. Cayce:

Ellis Hicks' December 14, 2023 Rule 28(j) letter directs the Court to one footnote in *Wilson v. Midland County*, No. 22-50998, 2023 WL 8642226, at *8 n.58 (5th Cir. Dec. 14, 2023). Mr. Hicks says footnote 58 "addressed the [*Heck*] question Defendants have asked for rehearing on." But Mr. Hick's focus on footnote 58 misses *Wilson*'s holding, which confirms the need to rehear this case.

*Wilson* holds the rule of orderliness required that panel to follow *Randell v. Johnson*, 227 F.3d 300 (5th Cir. 2000) (per curiam). "*Randell* understood *Heck* to 'unequivocally' impose a favorable-termination requirement for § 1983 plaintiffs with no stated exceptions," forming "a 'universal' favorable-termination rule for § 1983 plaintiffs." *Id.* at *7. Because the "decision in *Randell* not to relax *Heck*'s favorable-termination requirement for noncustodial plaintiffs has not been

1

overruled" and because the *Wilson* plaintiff "has not shown favorable termination," *Heck* barred that suit. *Id.* at *10.

*Wilson*'s holding confirms *Randell* is "unequivocal" and still binding. *Id.* at *6, *8 ("[E]ven if we had zero doubt that *Randell* was wrongly decided in 2000, it remains no less binding in 2023."). "Only the en banc court (or the Supreme Court[)]" can overrule *Randell*. *Id.* at *10. While *Wilson*'s footnote 58 questions whether a higher court should overrule *Randell*—pointing to *this Panel's decision* as conflicting with *Randell*, *id.* at *8 n.58 (discussing *Hicks v. LeBlanc*, 81 F.4th 497, 509–10 (5th Cir. 2023))—*Wilson* obeyed the rule of orderliness and "dutifully follow[ed] *Randell*." *Id.* at *6.

This Panel should have done the same. *Randell* (unlike *Wilson* but identical here) was a Section-1983-money-damages-overdetention suit filed after the prisoner's release. *See* 227 F.3d at 300–01 (seeking "$1000 for each day . . . over his sentence"). Defendants raised *Randell* in their panel briefing, multiple times at oral argument, and again in their petition for rehearing. *See* Reh'g Pet. at 6. But the Panel ignored the rule of orderliness and excepted overdetention cases from *Heck*'s bar—without even acknowledging *Randell*'s existence. The full Court should rehear this case to resolve this intra-circuit split and bring uniformity to its decisions.

Respectfully submitted,

*/s/ Morgan Brungard*
Morgan Brungard
Counsel for Appellants

Word Count: 350

cc: All Counsel (via ECF)