**MOST & ASSOCIATES**

201 St. Charles Ave.  
Ste. 114, #101  
New Orleans, LA 70170

(504) 509-5023  
mostlawoffice.com  
williammost@gmail.com

---

Lyle W. Cayce, Clerk of Court  
United States Court of Appeals for the Fifth Circuit  
600 S. Maestri Place  
New Orleans, LA 70130-3408  
*By Electronic Submission*

October 7, 2024

Re:   *Hicks v. LeBlanc, et al.* Case No. 22-30184  
      Rule 28(j) Supplemental Authority Letter

Dear Mr. Cayce,

Pursuant to Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28.4, Plaintiff-Appellee Ellis Ray Hicks notifies this Court of the U.S. Supreme Court's denial of certiorari in the related case of *LeBlanc v. McNeal,* 24-19.[1]

Plaintiff in this case, Ellis Hicks, brought suit about how he was imprisoned past the end of his court-ordered prison sentence. Defendants argued that Hicks' claims were barred by the *Heck* or *Preiser* doctrines. A panel of this Court decided they were not, following prior Fifth Circuit decisions in concluding that "*Heck* has no place here" because Plaintiff "seeks to vindicate—not undermine—his sentence."[2] Defendants sought rehearing en banc on questions including: "Does the *Heck* bar apply in overdetention cases?"

Brian McNeal's case followed a similar course: he brought suit about being held long past the end of his sentence; Defendants invoked *Heck* and *Preiser* doctrine; a panel denied the *Heck/Preiser* defense. Defendants sought rehearing en banc, and it was denied. Defendants then sought a writ of certiorari on the question of:

> Whether, consistent with *Preiser* and its progeny, a state prisoner who alleges that he was unlawfully confined beyond his proper release date may sue for damages under 42 U.S.C. § 1983.

Today, the Supreme Court denied Defendants' petition for certiorari. This is the second time the Supreme Court has denied certiorari on this issue.[3]

Per this Court's request, Plaintiff will file a letter brief about the recent decision in *Wilson v. Midland County*. But the denials of certiorari in *McNeal* and *Crittindon* may functionally address the Court's question.

Defendants' petition for rehearing *en banc* in *Hicks v. LeBlanc* should be denied.

Sincerely,

*/s/ William Most*___  
William Most

---

[1] *Cert. denied sub nom. LeBlanc v. McNeal*, No. 24-19, ___ U.S. ___ (October 7, 2023).  
[2] *Hicks v. LeBlanc*, 81 F.4th 497, 506 (5th Cir. 2023).  
[3] *See also cert. denied sub nom. LeBlanc v. Crittindon*, No. 22-1171, 144 S.Ct. 90 (Oct. 2, 2023).