**MOST & ASSOCIATES**

201 St. Charles Ave.
Ste. 114, #101
New Orleans, LA 70170

(504) 509-5023
mostlawoffice.com
williammost@gmail.com

---

Lyle W. Cayce, Clerk of Court                                              October 11, 2024
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408
*By Electronic Submission*

Re:   *Hicks v. LeBlanc, et al.* Case No. 22-30184 ("*Hicks II*")
      Letter brief regarding *Wilson v. Midland County*

Dear Mr. Cayce,

On October 4, 2024, the Court invited the parties to file letter briefs about the en banc decision in *Wilson v. Midland County*, 22-50998. As described herein, the opinions in *Wilson* support the denial of rehearing en banc in this overdetention case. The salience of *Wilson* is also impacted by the recent denial of certiorari in *McNeal v. LeBlanc*.

**A.    The panel's conclusion that *Heck* does not apply to an overdetention claim is supported by the *Wilson* en banc plurality and dissent.**

In this case, Plaintiff Ellis Hicks sued under Section 1983 for violation of his Due Process rights when he was imprisoned for sixty days past the end of his court-ordered prison sentence. The trial court rejected Defendants' argument that Hicks' claim was barred by the *Heck* doctrine. A panel of this Court agreed, following prior Fifth Circuit decisions in concluding that "*Heck* has no place here" because Plaintiff "seeks to vindicate—not undermine—his sentence."[1]

Defendants requested rehearing en banc on questions including "Does the *Heck* bar apply in overdetention cases?"[2] (Defendants acknowledged that the related *Preiser* doctrine does not apply; they wrote that "Hicks seeks money damages, and so *Preiser's* bar is not directly applicable."[3])

*Wilson v. Midland County* also addresses a Due Process claim, but with crucial differences. Like Mr. Hicks, Erma Wilson filed a Section 1983 lawsuit after she was released from prison and defendants responded with a *Heck* defense. But unlike Mr. Hicks, Ms. Wilson's suit directly challenged her conviction – she sought remedies for the fact that her "her criminal trial was tainted by egregious due process violations."[4]

In 2023, a panel of this Court concluded that Ms. Wilson's claims were barred by *Heck* because they would necessarily imply the invalidity of her conviction. But the panel specifically noted that the *Heck* rule does <u>not</u> encompass overdetention cases like Mr. Hicks':

---

[1] *Hicks v. LeBlanc*, 81 F.4th 497, 506 (5th Cir. 2023) (panel).
[2] R. Doc. 88-1 (Petition for Rehearing En Banc) at 10.
[3] *Id*. at 18.
[4] *Wilson v. Midland County*, 22-50998 at *2 (5th Cir. 2024) (en banc).

> [*Heck*] is "not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence." . . . For instance, where prisoners have been held "past the expiration of their duly imposed sentences," we have allowed them to bring § 1983 claims in the first instance because their claims "do not implicate the fact or duration of [their] confinement."[5]

The Court then took the matter up on rehearing en banc. On September 13, 2024, the en banc court issued three opinions: a nine-judge plurality, a three-judge concurrence, and a six-judge dissent.

The plurality opinion walks through the history of *Preiser* and *Heck*, and how "*Preiser* carved habeas claims out from § 1983's scope."[6] The plurality offered a useful visual summary of what kinds of claims fall within the core of habeas, and so are prohibited from pursuing a Section 1983 claim under *Preiser*:[7]



Given that Mr. Hicks is not a prisoner seeking immediate or speedier release, we can place his claims on the diagram and see that his claims are *not* barred by *Preiser:*

---

[5] *Wilson v. Midland Cty.*, 89 F.4th 446, 456 n.58 (5th Cir. 2023) (panel decision).
[6] *Wilson v. Midland County*, 22-50998 at *7 (2024) (en banc).
[7] *Id.*



The *Wilson* plurality recognized that *Preiser* suggested that damages claims would not fall within the core of habeas, because damages are not "an appropriate or available federal remedy" in habeas.[8]

Turning to *Heck,* the plurality in *Wilson* emphasized *Heck's* elements-of-a-claim approach to whether favorable termination is a requirement in a Section 1983 suit.[9] For those Section 1983 claims most analogous to malicious prosecution, favorable termination is a requirement because it was an element of the tort of malicious prosecution.[10]

That provides one key reason why an overdetention claim is not barred by *Heck* – because overdetention is most akin to the tort of false imprisonment, not malicious prosecution, and false imprisonment historically had no favorable termination requirement.[11] The *Wilson* plurality summed it up thus: "favorable termination is an element of any and all § 1983 claims challenging

---

[8] *Id*. at 7.

[9] *Id*. at pg. 8 ("The Supreme Court held that, when 'the invalidity of [a] conviction' is an element of a § 1983 damages claim, the plaintiff cannot bring suit unless and until the conviction is favorably terminated."), quoting *Heck* at 481–82.

[10] *Id*. at pg. 9.

[11] 3 William Blackstone, Commentaries on the Laws of England 127 (1st ed. 1765); 1 Francis Hilliard, The Law of Torts or Private Wrongs 219-20 (1861). *See also* C.G. Addison et al., Treatise on the Law of Torts or Wrongs and Their Remedies 147 (7th ed. 1893) (the common law recognized that an initially lawful detention could become unlawful upon exceeding its lawful scope, as "[e]very unlawful detainer of a prisoner after he has gained a right to be discharged is a fresh imprisonment.") Under Louisiana law, false imprisonment has only two elements: (1) proof of imprisonment and (2) lack of legal authority. *Prisk v. Palazzo*, 668 So.2d 415, 417 (La.App. 4 Cir. 1/19/96); *Kyle v. City of New Orleans*, 353 So.2d 969, 971 (La., 1977); *see also Miller v. Desoto Regional Health Sys*., 128 So.3d 649, 655-56 (La. App. 3d Cir. 2013).

tainted convictions, sentences, or prosecutions."[12] Notably missing from that list are claims that someone was held past the end of their sentence. In sum, the *Wilson* plurality concluded that:

1. *Preiser* bars core-of-habeas claims like immediate or speedier release;

2. *Heck* has a favorable termination requirement for Section 1983 claims that are akin to malicious prosecution.

The brief three-judge concurrence also addressed the methods of obtaining favorable termination.[13] These are not particularly relevant here except insofar as to highlight the illogic of having a requirement of invalidating a conviction in a case like an overdetention case that does not challenge a conviction at all. The six-judge dissent broke from the plurality and concurrence by contending instead that "*Heck's* favorable termination rule applies only to custodial § 1983 plaintiffs."[14]

Notably, <u>none</u> of the three *Wilson* en banc opinions disagreed in any way with the panel's conclusion that *Heck* does not bar an overdetention claim. And the logic of both the plurality <u>and</u> the dissent leads to the conclusion that *Heck* does not bar an overdetention claim like Mr. Hicks'. Under the plurality's logic, we look to the elements of the closest tort analogue to see if there is a favorable termination requirement, and there is no such requirement in false imprisonment. Under the dissent's logic, a person like Mr. Hicks who files suit after he is released would face no *Heck* bar at all.

Thus, whether one follows the *Wilson* panel decision, the en banc plurality, or the en banc dissent, all roads lead to the same destination: <u>*Heck* is no bar to an overdetention claim</u>.

B.  **The *Wilson* en banc opinions are corroborated by the Supreme Court's denial of certiorari in *McNeal v. LeBlanc and Crittindon v. LeBlanc*.**

The salience of *Wilson* to this case is inflected by the Supreme Court's recent decision in *McNeal v. LeBlanc*. The *McNeal* case is very similar to this one; Mr. McNeal brought suit because he was held long past the end of his sentence; Defendants invoked *Heck* and *Preiser*; a panel denied the *Heck/Preiser* defenses. Defendants sought rehearing en banc, and were denied. Defendants then sought a writ of certiorari on the question of whether an overdetention claim may proceed "consistent with *Preiser* and its progeny." This Monday, the Supreme Court denied certiorari.[15]

That marked the <u>second</u> time that Louisiana overdetention defendants have invoked the *Heck/Preiser* defenses and had those defenses denied by a trial court, denied by a panel of this

---

[12] *Wilson, en banc,* at 18.
[13] *Wilson, en banc,* at 33.
[14] *Id*. at 39.
[15] *Cert. denied sub nom. LeBlanc v. McNeal*, No. 24-19, ___ U.S. ___ (October 7, 2023).

Court, denied rehearing en banc by this Court, and then denied certiorari by the Supreme Court. The first time was in *Crittindon v. LeBlanc.*[16]

With three panel opinions denying *Heck* as a defense to an overdetention claim (*Crittindon*, *Hicks,* and *McNeal)*, two denials of rehearing en banc (*Crittindon* and *McNeal*), and two denials of certiorari (*Crittindon* and *McNeal*), the matter should be put to rest: *Heck* is not a defense to an overdetention claim.

Defendants' petition for rehearing *en banc* in *Hicks v. LeBlanc* should be denied.

                                                Sincerely,

                                                */s/ William Most*___
                                                William Most
                                                Counsel to Plaintiff

---

[16] *Cert. denied sub nom. LeBlanc v. Crittindon*, No. 22-1171, 144 S.Ct. 90 (Oct. 2, 2023).